UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE CAROL STOLSONBURG,

        Plaintiff,

v.

BRETT N. RODGERS, *et al.*,

        Defendants.
_____/

Case No. 1:21-cv-1092

Hon. Hala Y. Jarbou

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Stephanie Carol Stolsonburg. For the reasons set forth below, this complaint should be dismissed.

Plaintiff has filed a complaint on a form entitled, "Complaint for a civil case alleging breach of contract (28 U.S.C. § 1332; Diversity of Citizenship)." Compl. (ECF No. 1, PageID.1). Plaintiff names four defendants: Bankruptcy Trustee Brett N. Rodgers; "Brett N. Rodgers Trustee Account"; Bankruptcy Judge Scott W. Dales; and, plaintiff's former attorney, Kerry Hettinger. Compl. (ECF No. 1, PageID.2). These four defendants appear on the docket sheet. The body of plaintiff's complaint also refers to additional defendants identified as "Bob Shafferly Attorney for PHH [Mortgage]" and "PHH [Mortgage]". *Id*. at PageID.3.

Plaintiff's complaint arises from her bankruptcy case, *In re Stephanie C. Stolsonburg*, No. 17-04392-swd (Bankr. W.D. Mich.). *See* Status of Claims from Chapter 13 Trustee Online Case Status System (ECF No. 1-1, PageID.11). Plaintiff identified the "contract" as, "I am required to pay $990.00 per month for 48 months and/or until Debtors are paid off." *Id*. at PageID.7. The gist of plaintiff's complaint is that defendants failed to comply with the contract

because, "Brett N. Rodgers is not [applying] my money to the Debtor owed (PHH [Mortgage]) my [mortgage] company since May 1st, 2019 there is only $2,700.20 paid by trustee to [Mortgage] out of $41,386.66 in over 48 weeks." *Id*. at PageID.7.  For her relief, plaintiff wants "to receive all money back plus interest and service [fees], filing [fees] as well as pain and suffering with distress Please! $50,000 with an [immediate] discharge IN GREAT STANDING!". *Id*.

The Court should dismiss this complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction.").

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted).  The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332 (diversity of citizenship jurisdiction). *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 513 (2006).  Here, plaintiff relies on diversity of citizenship under § 1332, which provides in pertinent part that

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States[.]

28 U.S.C. § 1332(a)(1). Under § 1332, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010)

Plaintiff has failed to establish complete diversity among the parties as required under § 1332. Plaintiff lives in Middleville, Michigan. Some of the defendants reside in Michigan, with plaintiff identifying their addresses as follows: Brett N. Rodgers (Grand Rapids, Michigan); Bankruptcy Judge Scott W. Dales (Grand Rapids, Michigan); and Attorney Kerry Hettinger (Kalamazoo, Michigan). Compl. at PageID.2. Defendant "Brett N. Rodgers Trustee Account" is located in Chicago, Illinois. *Id*. Plaintiff gives no address for defendant Attorney Bob Shafferly or defendant "PHH [Mortgage]." *Id*. at PageID.3.

In a statement entitled "Basis for Jurisdiction" under § 1332, plaintiff lists herself as a citizen of Michigan, but only identifies two of the five defendants named in the complaint: Brett N. Rodgers, a citizen of Michigan; and "Brett N. Rodgers," a corporation incorporated under the laws of Michigan with its principal place of business in "Illinous [sic]" and "Grand Rapids, Michigan." *Id*. at PageID.5. To the extent that plaintiff claims that "Brent N. Rodgers" is a separate corporate entity, this alleged entity is a citizen of Michigan for purposes of § 1332. *See Beanstalk Innovation, Inc. v. SRG Technology*, LLC, 823 Fed. Appx. 404, 408 (6th Cir. 2020) ("A corporation is a citizen of both the state in which it is incorporated and the state in which the corporation's principal place of business is located."). Finally, plaintiff's demand for damages ($50,000.00) does not meet the amount in controversy of requirement of § 1332(a).

Plaintiff's complaint does not allege the existence of diversity jurisdiction as required by 28 U.S.C. § 1332(a)(1). Accordingly, I respectfully recommend that this action be

**DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3) for lack of federal subject matter jurisdiction.

Dated:  January 7, 2022                                        /s/ Ray Kent
                                                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).